IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARK JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:17-cv-1680-D |
| | § | |
| ROD J. ROSENSTEIN, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred Defendant's Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 18) to the United States Magistrate Judge for recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, the Magistrate Judge recommends that the District Court GRANT Defendant's Motion and DISMISS Plaintiff's claims without prejudice.

**Background**

Plaintiff Mark Johnson, proceeding *pro se*, filed a handwritten Complaint using a standard form provided by the Clerk's Office. *See* Compl. (ECF No. 3). The Complaint named Rod J. Rosenstein, Deputy Attorney General for the United States of America, as the sole defendant and provided as the basis for the Complaint: "[p]erceived conflict of interest with Special Order 3915-2017 and Criminal No. 1:12CR3. filed [sic] in the United States District Court for the Eastern District of Virginia." *Id.* The District Court advised Plaintiff that his

Complaint failed to comply with Fed. R. Civ. P. 8(a) and directed Plaintiff to file an amended complaint that complies with Rule 8(a). *See* Order (ECF No. 6). Thereafter, Plaintiff filed a two-page Amended Complaint, asking the Court to order Defendant to show why Robert Mueller, an individual appointed as Special Counsel to investigate Russian involvement in the 2016 general election, "should not immediately recuse himself or immediately be terminated for a conflict of interest." Pl.'s Am. Compl. 1, ¶ 2. (ECF No. 7). Plaintiff's Amended Complaint also seeks the termination or recusal of other government employees who work with Mueller. *Id.* 2, ¶ 4. In response to Plaintiff's Amended Complaint, Defendant filed a Motion to Dismiss pursuant to Article III of the United States Constitution and Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Defendant contends that Plaintiff lacks standing, that his suit presents a nonjusticiable political question, and that he has failed to state a claim on which relief can be granted. The Motion has been fully briefed and is ripe for determination.

## Legal Standards and Analysis

Defendant first argues that Plaintiff's Complaint should be dismissed as nonjusticiable under the doctrines of standing and political question.

Under the United States Constitution, a federal court may decide only actual "Cases" or "Controversies." U.S. CONST. art. III, § 2. A court properly dismisses a case where it lacks the constitutional power to decide it. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "The justiciability doctrines of standing, mootness, political question, and

ripeness all originate in Article III's 'case' or 'controversy' language." *Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 715 (5th Cir. 2012) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006)) (internal quotation marks omitted). "Standing and ripeness are required elements of subject matter jurisdiction and are therefore properly challenged on a Federal Rule of Civil Procedure 12(b)(1) motion to dismiss." *Roman Catholic Diocese of Dallas v. Sebelius*, 927 F.Supp.2d 406, 415 (N.D. Tex. 2013) (citing *Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 350 (5th Cir. 1989); *WesternGeco L.L.C. v. Ion Geophysical Corp.*, 776 F. Supp.2d 342, 350 (S.D. Tex. 2011)).

A dismissal for lack of subject-matter jurisdiction is warranted when "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle the plaintiff to relief." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "In general, where subject matter jurisdiction is being challenged, the trial court is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case." *Montez v. Dep't of Navy*, 392 F.3d 147, 149 (5th Cir. 2004). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming*, 281 F.3d at 161. Plaintiff, as the party asserting jurisdiction, bears the burden of proving that the Court has jurisdiction. *See id.*

To satisfy the case-or-controversy requirement of Article III, Plaintiff must allege facts demonstrating that he has "suffered 'injury in fact,' that the injury is 'fairly traceable' to the actions of the defendant, and that the injury will likely be redressed by a favorable decision." *Bennett v. Spear*, 520 U.S. 154, 162 (1997) (*quoting Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992))*; see also Cornerstone Christian Sch. v. Univ. Interscholastic League*, 563 F.3d 127, 134 (5th Cir. 2009) (holding, in context of motion to dismiss, that plaintiff must allege facts that give rise to plausible claim of standing). The injury in fact must be "concrete and . . . actual or imminent, not conjectural or hypothetical," and "the injury must affect the plaintiff in a personal and individual way." *Lujan*, 504 U.S. at 560 & 561 n. 1 (citations and internal quotation marks omitted). A party cannot raise "abstract questions of wide public significance which amount to generalized grievances, pervasively shared and most appropriately addressed in the representative branches." *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 474–75 (1982). The injury must also be "fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Lujan*, 504 U.S. at 560–61 (alterations omitted) (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41–42 (1976)). And "it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressable by a favorable decision.'" *Id*. at 561 (quoting *Simon*, 426 U.S. at 38).

Defendant asserts that Plaintiff lacks standing to bring his claims, because Plaintiff has not alleged any injury to himself that is concrete, particularized, actual, and imminent. Def.'s Mot. 4, ECF No. 18. Defendant further asserts that Plaintiff has not alleged a causal relationship between the conduct of the government and any injury to himself, nor has Plaintiff alleged how or why his requested relief would remedy any alleged injury. *Id.* at 4–5. In this case, the Amended Complaint conclusorily alleges that Mueller has a conflict of interest that could lead to Mueller's being called to testify before a Congressional committee or a federal grand jury. Pl.'s Compl. 1–2, ¶¶ 2–3. However, the Amended Complaint does not allege that Plaintiff has suffered an injury as a result of Mueller's investigation. In the absence of any such allegation, Plaintiff has failed to establish standing to sue.

Plaintiff attempts to correct this deficiency by arguing in his response that he "has been injured and continues to be injured when corruption exists at the highest levels of our Republic and judicial system does not allow for the pursuit of life, liberty and the pursuit of happiness; instead, the alternative of continual loss of liberty and human suffering." Pl.'s Resp. 2, ECF No. 20. Plaintiff further asserts that his harm comes from "the betrayal of the Department of Justice and Rod Rosenstein of ultimately ignoring and prolonging a legitimate narrative that would lead down a different investigative path, allowing for a false Russian narrative to persist." *Id.* at 3. Plaintiff's assertions do not show there is an injury that affected Plaintiff "in a personal and individual way." At best, Plaintiff has

alleged a generalized grievance about Mueller's investigation, which is not sufficient to establish standing. Any allegation that Plaintiff has been injured by Rosenstein's failure to follow the law is also a generalized grievance about the conduct of government that has been held insufficient to establish standing. *See Lance v. Coffman,* 549 U.S. 437, 442 (2007) (holding allegation that government did not follow the law is insufficient to establish standing). Similarly, any argument that Plaintiff brings his claims to remedy harms to the citizens of the United States and Russia is not sufficient to allege that Plaintiff himself suffered an injury. Plaintiff has thus failed to meet his burden to allege facts that give rise to plausible claim of standing. Accordingly, the District Court should grant Defendant's Motion to Dismiss pursuant to Rule 12(b)(1) for lack of standing.

Alternatively, the District Court should grant Defendant's Motion to Dismiss because Plaintiff's claims are nonjusticiable under the political question doctrine. "The political-question doctrine forecloses as nonjusticiable actions which would improperly require judicial review of decisions exclusively within the purview of the political branches of government." *Allen v. Fluor Corp.*, 2017 WL 2618821, at *3 (N.D. Tex. June 15, 2017) (Fitzwater, J.) (quoting *Kuwait Pearls Catering Co., WLL v. Kellogg Brown & Root Servs., Inc.*, 853 F.3d 173, 178 (5th Cir. 2017). The Supreme Court has identified "formulations" that may help a court determine whether a particular case raises a political question. *See id.* (quoting *Lane v. Halliburton*, 529 F.3d 548, 558 (5th Cir. 2008). These formulations include:

> (1) "a textually demonstrable constitutional commitment of the issue to a coordinate political department;"
>
> (2) "a lack of judicially discoverable and manageable standards for resolving it;"
>
> (3) "the impossibility of deciding without an initial policy determination of a kind clearly for nonjudicial discretion;"
>
> (4) "the impossibility of a court's undertaking independent resolution without expressing lack of the respect due coordinate branches of government;"
>
> (5) "an unusual need for unquestioning adherence to a political decision already made;"
>
> (6) "or the potentiality of embarrassment from multifarious pronouncements by various departments on one question."

*Id.* (quoting *Baker v. Carr*, 369 U.S. 186, 217 (1962)). Here, Defendant argues this case presents a political question based on the second and fourth factors—the lack of judicially discoverable and manageable standards for resolving the controversy, and the impossibility of undertaking an independent resolution without expressing a lack of the respect due to the other branches of government. Although Plaintiff does not respond to Defendant's arguments regarding the political question doctrine, it is well-established that the Department of Justice has broad discretion to investigate and prosecute criminal matters, and that the exercise of such discretion is ill-suited to judicial review. *Wayte v. United States*, 470 U.S. 598, 607–608 (1985). The Mueller investigation is a criminal investigation, the pursuit of which is committed to the discretion of the Department of Justice. Defendant's decisions with respect to the Mueller

investigation constitute political questions. Accordingly, the District Court should grant Defendant's Motion to Dismiss on the alternative basis that Plaintiff's claims are nonjusticiable under the political question doctrine.

The resolution of these threshold issues pertaining to justiciability pretermit consideration of the other legal arguments raised by Defendant in his Motion to Dismiss.

## RECOMMENDATION

For the reasons discussed above, the Magistrate Judge recommends that the District Court GRANT Defendant Rod J. Rosenstein's Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 18) and DISMISS Plaintiff's Amended Complaint without prejudice.

SO RECOMMENDED.

Dated: March 12, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).